# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA M. CESENA, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>    Defendants. | 2:25-cv-07225-DSF-JPR<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 14) |

    Plaintiff Rebecca M. Cesena moves to remand this action to the Los Angeles County Superior Court. Dkt. 14 (Mot.). Defendant General Motors LLC (GM) opposes. Dkt. 15 (Opp'n).[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is DENIED.

## I. Background

    Cesena filed this lemon law action, arising out of her purchase of a 2023 GMC Sierra 1500, in state court on March 28, 2025. Dkt. 1-1 (Compl.) ¶ 6. Cesena asserts five causes of action under the state Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss

---

[1] The complaint also includes unnamed defendants DOES 1-10. Compl. ¶ 5. GM, the only identified defendant, removed the case. Notice of Removal at 1.

Warranty Act. Compl. ¶¶ 34-44. GM removed this case on August 5, 2025 based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 (Notice of Removal) at 1. On August 29, 2025, Cesena moved for remand alleging that GM's notice of removal was untimely. Mot. at 4.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

The removal statute, 28 U.S.C. § 1446(b), provides "two different potential 30-day removal deadlines." Franklin, et al. v. Healthsource Glob. Staffing, Inc., No. 23-cv-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first, under § 1446(b)(1), is triggered by the "defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005). If the initial pleading is not removable on its face, a second 30-day period under § 1446(b)(3) may begin when "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. at 694 (quoting 28 U.S.C. § 1446(b)(3)). "As long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, a defendant, in effect, may remove at any time." Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018) (cleaned up).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further

2

inquiry." Harris, 425 F.3d at 694.  "[T]he [removal] statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability."  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013).  But "defendants need not make extrapolations or engage in guesswork" to determine if a case is removable, nor are they "obligated to supply information which [the plaintiff] ha[s] omitted." Id.

### III. Discussion

#### A. Timeliness

Cesena argues that GM's notice of removal was untimely because it was filed 95 days after the deadline triggered by service of the complaint.  Mot. at 1.  GM contends the complaint did not contain sufficient information for it to determine the requisite amount in controversy for federal jurisdiction and, therefore, GM was not subject to the 30-day removal deadline.  Opp'n at 8.[2]  Cesena admits the complaint did not, on its face, reveal the amount in controversy.  Mot. at 6.  ("While [Cesena's] Complaint does not allege a specific monetary relief figure, it expressly lays out the specific forms of statutory relief sought under the Act.").  She makes several arguments, all unavailing, to support that the complaint nevertheless triggered the deadline for removal under 28 U.S.C. § 1446(b)(1).[3]

---

[2] GM also argues the complaint was indeterminate as to Cesena's citizenship.  Opp'n at 7-8.  However, GM admits the complaint contained a federal cause of action with no citizenship requirement and an amount-in-controversy requirement lower than that for diversity jurisdiction.  Opp'n at 9-10; See 15 U.S.C. § 23109(d).  Therefore, the Court need not analyze whether Cesena's citizenship was apparent from the complaint to determine if the removal deadline was in effect.

[3] Neither party alleges any "amended pleading, motion, order[,] or other paper" triggered the deadline under § 1446(b)(3).  The Court considers only whether the complaint triggered the deadline under § 1446(b)(1).

First, Cesena argues that GM could have ascertained removability from the complaint because it contained a claim under the federal Magnuson-Moss Warranty Act, giving rise to federal question jurisdiction. Mot. at 4-5. The Magnuson-Moss Warranty Act permits claims to be filed in federal court only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d). An amount in controversy of at least $50,000 must have been evident from the face of the complaint for service to commence the removal deadline. There were no "figures clearly stated in the complaint" that GM could have used to determine the amount in controversy. Kuxhausen, 707 F.3d at 1140. Cesena's inclusion of a Magnuson-Moss Warranty Act claim did not, on its own, start the 30-day removal clock.

Second, Cesena argues that, because the complaint contained sufficient information for GM to plausibly allege diversity jurisdiction in a notice of removal, the 30-day deadline under § 1446(b)(1) commenced when the complaint was served. Mot at 5-7. Federal courts may exercise diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. §§ 1332, 1441. Cesena cites Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81 (2014) to argue GM could have removed the action by making a "plausible allegation that [Cesena's] remedies likely exceeded the jurisdictional threshold" based on "[facts] alleged within the Complaint." Mot. at 5-6. Cesena, however, confuses the standard governing the sufficiency of a defendant's notice of removal with the standard for when that notice of removal must be filed under § 1446(b). See Dart, 574 U.S. at 89 (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). That GM *could have* removed after service of the complaint has no bearing on the removal clock, which starts only if "the case stated by the initial pleading is removable on its face." Harris, 425 F.3d at 694.

Finally, Cesena argues the complaint was sufficient for GM to ascertain removability because, "[g]iven [GM's] sophisticated

4

knowledge of the motor vehicle industry, Defendant GM ha[d] . . . [the] ability to ascertain an approximation of the [Sierra]'s market value[.]" Mot. at 6. But the Ninth Circuit has rejected this reasoning, finding removability must be apparent from "the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. "[GM] was not obligated to supply information which [Cesena] had omitted." Kuxhausen, 707 F.3d at 1140. Therefore, service of the complaint did not commence the 30-day removal deadline.

B.   **Subject Matter Jurisdiction**

Cesena argues in her reply that GM failed to establish the amount in controversy exceeds the jurisdictional requirement of $75,000. Dkt. 16 (Reply) at 3. She further argues GM failed to present with its opposition evidence required to support its allegations of the amount in controversy. Id. Despite Cesena's assertions, the Court reads her motion to focus solely on GM's untimeliness, and she does not raise challenges to GM's allegations of the amount in controversy until her reply. See Mot. at 4-8; Reply at 3-5.[4] Therefore, GM was not required to include evidence in its opposition to establish the amount in controversy met the jurisdictional threshold. See Dart, 574 U.S. 88 ("Evidence establishing the amount [in controversy for diversity jurisdiction] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

---

[4] Cesena states in her reply that she "explicitly raised the issue of [the jurisdictional threshold for amount in controversy] both in the Notice of Motion [to Remand] and throughout the memorandum." Reply at 3. Her motion contains a section titled "Defendant, as the removing party, has failed to establish subject matter jurisdiction." Mot. at 7-8. But she makes no argument following her recitation of the relevant legal standard other than "the removal was plainly untimely." Id. at 8. The Court therefore finds no challenge to GM's allegations of diversity jurisdiction in Cesena's motion to remand.

Nevertheless, this Court has an independent obligation to determine that it has subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3). To properly invoke diversity jurisdiction in its notice for removal, GM must have plausibly alleged that there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021) ("[A] notice of removal need . . . only [contain] plausible allegations of the jurisdictional elements.").

The Court finds GM plausibly alleges complete diversity. A natural person is a citizen of the state "where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its [members] are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). In its notice of removal, GM cites Cesena's allegation in her complaint that she is a resident of California. Notice of Removal at 3. GM further asserts it conducted a preliminary investigation, concluding Cesena resides in and intends to remain in California. Id. GM also states it is an LLC whose sole member is a Delaware corporation with its principal place of business in Michigan. Id. Because GM plausibly alleges Cesena is a citizen of California and GM is a citizen of either Delaware or Michigan, complete diversity is met for the purpose of removal.

To determine the amount in controversy, GM cited the estimated purchase price of a 2023 GMC Sierra 1500 and subtracted statutorily required offsets to yield an estimate of actual damages of $71,293.60. Id. at 4-5. Additionally, GM states Cesena seeks civil penalties in the amount of two times actual damages, as well as attorneys' fees and costs of at least $5,000. Id. at 5. GM has plausibly alleged a maximum recovery exceeding the $75,000 threshold for diversity jurisdiction

6

under 28 U.S.C. § 1332(a).[5] See Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute" and "reflects the *maximum* recovery the plaintiff could reasonably recover."). Therefore, the Court concludes GM has plausibly alleged the existence of subject matter jurisdiction.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Cesena's motion to remand.

IT IS SO ORDERED.

Date: October 24, 2025

_____
Dale S. Fischer
United States District Judge

---

[5] GM removed based on diversity jurisdiction, not federal question jurisdiction. See Notice of Removal. Nevertheless, the allegations in GM's notice of removal also support the requisite amount in controversy of $50,000 for federal jurisdiction over Cesena's Magnuson-Moss Warranty Act claim. See 15 U.S.C. § 2310(d).